## JOHN FINNEMORE v. JOHN PEARSON.

Court of Chancery. New Castle. In Vacation. October 2, 1821.

*Ridgely's Notebook III, 492.*

642

THE CHANCELLOR is not satisfied to order the writ of injunction for the following reasons:

Because Mr. Finnemore has a remedy at law for all the matters of discount stated in his affidavit and petition.

Then as to the particular articles:

1. As to the fees said to be due to Mr. Finnemore as a witness. These it is presumed are included in the taxation of costs; and some transcript from the docket should be annexed to the affidavit to show that such fees are due to him and the amount. Beside, it may be that these fees are barred by the Act of Limitations. The time when they accrued is not given; and though the suit was decided against Pearson it does not necessarily follow that he was bound to pay the witnesses. He may be answerable to the other party in the suit for these costs.

2. The judgment against Pearson, administrator of Bostick. This of itself, without some particular circumstances, is not a proper set-off, being a debt due in another right.

And further the judgment has been discharged by a receipt, which makes the case more difficult.

3. The hay is properly chargeable in account; and a copy at least of the charge should be exhibited.

4. The executions and returns should be exhibited to show that Pearson is liable.

Instead of an affidavit I wish to see a bill, especially as the complainant has a complete remedy at law for all his demands; and because some of them may not in any form be recoverable.

The difficulty which the complainant may be in by reason of the execution against him does not form a sufficient ground for the interposition of a court of chancery. It is not shown that Pearson is insolvent, and that without arresting his proceeding at law, the complainant will lose his demands.